IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>*Defendants*. | Case No. 25-cv-00167-JMC |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO CONSOLIDATE CASES**

Plaintiffs oppose Defendants' motion to consolidate this case with *Public Citizen, Inc., et al. v. Trump, et al.*, 25-cv-00164-JMC and *Lentini, et al. v. Department of Government Efficiency, et al.*, 25-cv-00166-JMC. *See* Defs.' Motion to Consolidate ("Consolidation Mot."), ECF No. 16-1.[1] Although *Public Citizen* and *Lentini* are similar to Plaintiffs' case, they name additional defendants that may implicate issues unlikely to arise in Plaintiffs' case, such that consolidation risks confusion and is unlikely to cause these cases to proceed in a substantially more efficient manner. As Defendants acknowledge, counsel for plaintiffs in each of the three cases have expressed their willingness "to coordinate scheduling" to achieve efficiency and conserve judicial resources. *Id.* 2 n. 1. That is sufficient, especially because these cases are all before the same Judge, who is well-

---

[1] Plaintiffs are aware that, earlier today, the Court entered a Minute Order in *Public Citizen*, which grants Defendants' motion. However, because Plaintiffs oppose consolidation for reasons not raised by the *Public Citizen* plaintiffs, they respectfully submit this response and request the Court's consideration of their distinct arguments. *Cf.* Opp. Br., *Public Citizen, Inc., et al. v. Trump, et al.*, 25-cv-00164-JMC (D.D.C.), ECF No. 13.

positioned to manage the Court's docket if counsel for any plaintiff fails to live up to that intention. Moreover, if any of the plaintiffs elect to amend their complaint to add new or additional parties or claims—a distinct possibility, given the quickly developing facts concerning DOGE—consolidation will produce, not avoid, confusion and inefficiency.

Ultimately, there is little risk in allowing these cases to move forward, as filed, without consolidation.

## BACKGROUND

Plaintiffs filed this case on January 20, 2025. *See* Compl., ECF No. 1. The following day, Plaintiffs marked it as related to two cases that were also filed in the District on January 20, *Public Citizen, Inc. et al. v. Trump et al.*, 25-cv-00164-JMC (D.D.C.) and *Lentini et al. v. Department of Government Efficiency et al.*, 25-cv-00166 (D.D.C.). As Plaintiffs indicated, these cases grew "out of the same event or transaction" in the sense that they all related to the Trump Administration's establishment of the so-called "Department of Government Efficiency" ("DOGE"). *See* Notice of Related Cases, ECF No. 9. However, as explained below, they differ in other important respects.

## LEGAL STANDARD

Under Rule 42(a) of the Federal Rules of Civil Procedure, courts "may" consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is 'a purely discretionary power in the district court.'" *A.C.L.U. v. Washington Metro. Area Transit Auth.*, No. 17-cv-1598-TSC, 2024 WL 4285894, at *2 (D.D.C. Sept. 25, 2024) (quoting *Singh v. Carter*, 185 F. Supp. 3d 11, 17 (D.D.C. 2016)). To decide "whether to consolidate actions, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'" *Id.* (quoting *Hanson v.*

*District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009)). "Courts are not required to consolidate actions and the 'party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.'" *Id.* (quoting *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014)). Consolidation is not appropriate where "the parties at issue, the procedural posture and the allegations in each case are different." *Hanson v. D.C.*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citing *Stewart v. O'Neill*, 225 F.Supp.2d 16, 21 (D.D.C.2002)).

## ARGUMENT

Although this case, *Public Citizen*, and *Lentini* allege that DOGE is operating as an advisory committee without complying with the Federal Advisory Committee Act ("FACA"), consolidation is nevertheless inappropriate because the cases involve different defendants that may implicate different issues and arguments. Moreover, there is little to gain from an efficiency standpoint by consolidating cases in which plaintiffs' counsel have already agreed to try and align case schedules and there is a fair chance that amended pleadings will create even more daylight between the cases.

With respect to parties, although all three cases name the Office of Management and Budget ("OMB"), that is where the overlap ends. Plaintiffs name only OMB, the OMB Acting Director, and DOGE. The *Public Citizen* plaintiffs also name OMB but add President Trump. And the *Lentini* plaintiffs name all of those defendants, as well as the Office of Personnel Management ("OPM"), the head of OPM, and a private individual—Elon Musk, in his official capacity as the leader of DOGE. *Compare* Compl. ¶¶ 20-22, *with* Compl. ¶¶ 15-16, *Public Citizen, Inc. et al. v. Trump et al.*, 25-cv-00164-JMC (D.D.C.), ECF No.1 ("*Public Citizen* Compl."), *and* FAC Compl. ¶¶ 7-14, *Lentini et al. v. Department of Government Efficiency et al.*, 25-cv-00166 (D.D.C.), ECF No. 10 ("*Lentini*

3

FAC."). The decision to include the President and private individuals may implicate issues and arguments not applicable to Plaintiffs' challenge, which is reason enough to keep these cases formally separate. *See Hanson*, 257 F.R.D. at 21 (finding consolidation to be inappropriate where "the parties at issue, the procedural posture and the allegations in each case are different"). Further, as Defendants note, there is a possibility that this case will proceed to discovery, in which case the existence of additional parties potentially subject to discovery requests may create complications and divergence in strategy among the three plaintiff groups. The existence of different sets of defendants in the three cases, in particular an additional federal agency and an individual, may also complicate any settlement discussions for plaintiffs in this case. This is sufficient to establish prejudice to plaintiffs here.[2]

Moreover, consolidation will not produce a more efficient or orderly path forward. Plaintiffs have already expressed their intent to litigate this matter efficiently and with respect for the Court's time and resources, as Defendants acknowledge. Consolidation Mot. at 2 n. 1. Indeed, if plaintiffs elect to amend their complaints to add new or additional parties or claims related to DOGE—a distinct possibility, given the quickly developing facts concerning DOGE—consolidation may produce, not avoid, confusion and inefficiency.[3] Given the risk of confusion, inefficiency, and inconvenience that would result, the Court should exercise its discretion against consolidation. *See A.C.L.U.*, 2024 WL 4285894, at *2 (observing that "'courts weigh considerations of convenience and

---

[2] To the extent plaintiffs in the three cases seek to depose the same individual in the course of discovery, Plaintiffs would endeavor, for instance, to identify a single, mutually agreeable date.

[3] Indeed, the *Lentini* plaintiffs have already amended their case. *See Lentini* FAC.

economy against considerations of confusion and prejudice'" when deciding if consolidation is appropriate).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion.

Dated: February 18, 2025

Respectfully submitted,

/s/ Benjamin Seel

Robin F. Thurston (D.C. Bar No. 462679)
Aman T. George (D.C. Bar No. 1028446)
Benjamin Seel (D.C. Bar No. 1035286)
Skye L. Perryman (D.C. Bar No. 984573)*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
rthurston@democracyforward.org
ageorge@democracyforward.org
bseel@democracyforward.org
sperryman@democracyforward.org

Donald K. Sherman* (N.Y. Bar No. 4636742)
Nikhel S. Sus (D.C. Bar No. 1017937)
Jonathan Maier (D.C. Bar No. 1013857)
Alex Goldstein (D.C. Bar No. 90005086)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
Telephone: (202) 408-5565
Fax: (202) 588-5020
dsherman@citizensforethics.org
nsus@citizensforethics.org

* *Pro hac vice* motion forthcoming
** Admitted *pro hac vice*

*Counsel for Plaintiffs*